MEMORANDUM **
Antonio Jackson (“Jackson”) appeals the district court’s dismissal of his Title VII and 42 U.S.C. § 1981 claims against Rent-a-Center West, Inc. (“RAC”). The parties are familiar with the facts of this case, and we repeat them only to the extent necessary to understand our disposition. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court’s decision.
By statute, Jackson had ninety days from the EEOC’s issuance of a right-to-sue letter in which to file his Title VII cause of action. 42 U.S.C. § 2000e-5(f)(l) (2000); Fed.R.Civ.P. 8. According to the court’s records, Jackson filed his first complaint, titled “First Amended Complaint,” nearly a month past the ninety-day window. Jackson’s Title VII claim was thus untimely.
Jackson claimed a technical glitch prevented his timely complaint from appearing on the docket. However, he provided insufficient evidence to prove a complaint was filed within that ninety-day window. He now attempts to proffer additional evidence, but that evidence is not part of the record on appeal. See Fed. R.App. P. 10(a); United States v. Sherwin, 539 F.2d 1, 5 n. 4 (9th Cir.1976) (“We cannot accept the [appellant’s] invitation to reverse on this ground because it failed to insure that the affidavit be included in the record transmitted to this court.”). Therefore, the district court did not err in dismissing his Title VII complaint.
Furthermore, the district court did not abuse its discretion in refusing to apply the doctrine of equitable tolling. Jackson failed to notify the court or RAC of any glitch when he learned of it, and instead merely filed a “First Amended Complaint.” When a party fails to act diligently, it “cannot invoke equitable principles to excuse that lack of diligence.” Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).
*114 Jackson’s claim that the district court erred in dismissing his 42 U.S.C. § 1981 cause of action is raised for the first time on appeal and we decline to hear it, given that the § 1981 claim has already been re-filed in federal court. See Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir.1996).
The district court’s decision to grant RAC’s motion to dismiss is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.